Barbour, J.
This action is brought to restrain the defendants from using the street and avenue in front of the .plaintiffs’ livery stable, as a stand for their hackney-coaches, and for damages. The defendants justify under a license of the corporation of Sew York, setting apart and designating the portion of the street and avenue in question as a hackney-coach stand.
The evidence shows that the defendants, and also the plaintiffs, stand their carriages, while waiting for fares, along the entire front of the stables of the latter, and that *301 as one carriage is withdrawn, the others move up and fill the space, so that there is, always, a continuous line of carriages in front of the plaintiffs’ passage-way for vehicles into and fróm their stables. The injury caused to the latter by this, seems to be "quite small, but not sufficiently so, I think, to fall within the maxim “ de minimis non curat lex.” Indeed, the only injury sustained by the plaintiffs, for which they can have a remedy in this action, is that which is caused by the detention of their coaches when about to leave or enter their premises, long enough to furnish an opening to be made in the line by the withdrawal of one or more of the carriages; which has always been done upon their request.
Undoubtedly, the corporate authorities of the city of Uew York have power, under the charter,- (if, indeed, it can be said, since the recent decisions of our highest court, that a charter is still in existence,) to license hackney-coaches, and designate such portions of the streets of the city for the standing places thereof, as they see fit. But, they are bound to exercise that power with reasonable discretion. Uo ordinance of the corporation can lawfully authorize the creation .of a private nuisance; and it follows that no such ordinance will justify him who creates one. The continual blocking up of the only doorway of the plaintiffs’ stable is, certainly, a nuisance—ua thing that worheth, hurt”—to them; and it is none the less so by reason of the letter of the ordinance which confers upon the owners of public hacks the right thus to use that portion of the streets.
The plaintiffs must have judgment perpetually restraining the defendants from obstructing the passage way in question, with costs.
As I am unable to determine from the evidence what amount of pecuniary damage has been sustained by the *302 plaintiffs, I can make no direction as to that, except to say that if they desire it, they may take a reference to ascertain what damages they have sustained by the obstruction to their passage way.
The decree will be settled before me, if necessary, on two days’ notice.